UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHARLES DEWAYNE MCKINNEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  CV424-105 |
| COII SHAKRISTY LEWIS, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff Charles Dewayne McKinney has filed this 42 U.S.C. § 1983 case alleging that several corrections officers failed to protect him from assaults by other inmates at Autry State Prison. *See* doc. 1 at 4-5. He has moved to proceed *in forma pauperis*. Doc. 2. Since it is clear that this Court is not the proper venue for his claims, this case will be transferred. The issue of his filing fee, and whether he will be permitted to proceed IFP, will be resolved by the transferee court. *Cf., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020) (failure to pay the required filing fee is not a jurisdictional defect).

Autry State Prison is located in Pelham, Georgia, in Mitchell County. *See, e.g.,* doc. 1 at 4. Mitchell County lies in the Middle District

1

of Georgia. *See* 28 U.S.C. § 90(b)(5). As McKinney's allegations concern events that occurred exclusively in another district, the proper forum for this case is the United States District Court for the Middle District of Georgia. 28 U.S.C. §1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); *see also, e.g., Collins v. Hagel*, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) ("A district court may raise the issue of defective venue *sua sponte*.").

Accordingly, the Clerk is **DIRECTED** to transfer this case to the Middle District of Georgia for all further proceedings.

**SO ORDERED,** this 5th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA